Ms. Cathryn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on the following question:
 If a spouse of a deceased firefighter covered by a local fire pension fund has married, and then had the marriage annulled, does her pension resume?
You indicate that your question arises under A.C.A. §24-11-820(b)(4)(1987), which provides that: "If any spouse or child shall marry, then the person so marrying shall thereafter receive no further pension from the funds provided for the operations of this act."
It is my opinion that the answer to your question is "yes."
Although there are no Arkansas cases precisely on point, (see, however, generally, Ops. Att'y Gen. 90-107 and 86-57, copies enclosed) it has been stated, as a general matter, that:
 Where the right of a widow to pension benefits had been terminated by a remarriage, and the remarriage was subsequently annulled, it has generally been held that the pension rights held by her prior to the remarriage should be restored for the reason that an annulment ordinarily renders the marriage void ab initio.
85 ALR 2d § 4 at 249.
In Arkansas, the relevant annulment statute provides with regard to an annulment that ". . . the marriage shall be void from the time its nullity shall be declared by a court of competent jurisdiction." A.C.A. § 9-12-201 (1987). The Arkansas Supreme Court, in a case addressing this statute, quoted, among other authorities, Professor Leflar as stating that "[a]nnulment of a marriage, strictly speaking, destroys the status as of its inception. Unlike divorce, the effect of it is to treat the parties as never having been married." Feigenbaum v.Feigenbaum, 210 Ark. 186, 189, 194 S.W.2d 1012 (1946).
The courts of other states have expressly held that a remarried widow who subsequently obtains an annulment of her remarriage is entitled to the resumption of her pension benefits. The Superior Court of Pennsylvania held that a police officer's widow was entitled to resumption of pension payments following annulment of her remarriage even though she secured a property settlement from her second husband as a part of the annulment proceedings and the annulment decree did not specifically state that the marriage was null and void ab initio. Boyle v. Philadelphia Police WidowsPension Fund Association, 219 Pa. Super. 230, 280 A.2d 577
(1971). The relevant provision in Boyle granted pension benefits to the widow "until she remarries."
Additionally, it was held in Skagen v. New York City Employees'Retirement System, 437 N.Y.S.2d 497, 108 Misc.2d 448 (1981), that once the nullity of the remarriage of the plaintiff widow was declared, the plaintiff became a widow again and was entitled to resumption of benefits under a statute providing such benefits "during her widowhood." The relevant state statute governing annulments contained language identical to the Arkansas statute, and once declared by a court, the annulment was held to erase the marriage as if it never existed.
In light of all of the foregoing, it is my opinion that if the spouse in question has obtained a valid annulment of the remarriage, the pension benefits should resume.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh